ORIGINAL

1 THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2 THOMAS E. FRANKOVICH (State Bar No. 074414)
4328 Redwood Hwy., Suite 300
3 San Rafael, CA 94903
Telephone: 415/674-8600
4 Facsimile: 415/674-9900

5 Attorneys for Plaintiffs
IRMA RAMIREZ; and DAREN HEATHERLY
6





7 **UNITED STATES DISTRICT COURT**

8 **NORTHERN DISTRICT OF CALIFORNIA**

9
IRMA RAMIREZ; and DAREN                )   **CASE NO.11**   **2238**
10 HEATHERLY                             )   **Civil Rights**
                                        )
11      Plaintiffs,                      )   **COMPLAINT FOR INJUNCTIVE RELIEF
                                        )   AND DAMAGES:**
12 v.                                    )
                                        )   **1st CAUSE OF ACTION:** For Denial of Access
13 TORTAS LOS PICUDOS, INC., a           )   by a Public Accommodation in Violation of the
California Corporation dba TORTAS LOS   )   Americans with Disabilities Act of 1990 (42
14 PICUDOS; EMILIO MARTINEZ and          )   U.S.C. §12101, *et seq.*)
                                        )
15 OFELIA MARTIN, Husband and Wife as    )   **2nd CAUSE OF ACTION:** For Denial of Full
Joint Tenants as to an Undivided ½ Interest; )   and Equal Access in Violation of California
16 and FRANCISCO MARTIN and             )   Civil Code §§54, 54.1 and 54.3
                                        )
17 EDUVIGES MARTIN, Husband and Wife    )   **3rd CAUSE OF ACTION:** For Denial of
as Joint Tenants as to an Undivided ½  )   Accessible Sanitary Facilities in Violation of
18 Interest, All as Tenants in common,  )   California Health & Safety Code §19955, *et seq.*
                                        )
19      Defendants.                     )   **4th CAUSE OF ACTION:** For Denial of
                                        )   Access to Full and Equal Accommodations,
20 ─────────────────────────────────────)   Advantages, Facilities, Privileges and/or
                                            Services in Violation of California Civil Code
21                                          §51, *et seq.* (The Unruh Civil Rights Act)

22

23                                          **DEMAND FOR JURY**
24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1       Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY, each an individual,
2    complains of defendants TORTAS LOS PICUDOS, INC., a California Corporation dba
3    TORTAS LOS PICUDOS; EMILIO MARTINEZ and OFELIA MARTIN, Husband and Wife as
4    Joint Tenants as to an Undivided ½ Interest; and FRANCISCO MARTIN and EDUVIGES
5    MARTIN, Husband and Wife as Joint Tenants as to an Undivided ½ Interest, All as Tenants in
6    common (hereinafter referred to as TORTAS LOS PICUDOS, INC. ; EMILIO MARTINEZ;
7    OFELIA MARTIN; FRANCISCO MARTIN; and EDUVIGES MARTIN and alleges as follows:
8    **INTRODUCTION:**

9       1.       This is a civil rights action for discrimination against persons with physical
10    disabilities, of which class plaintiff IRMA RAMIREZ, plaintiff DAREN HEATHERLY and the
11    disability community are members, for failure to remove architectural barriers structural in nature
12    at defendants' TORTAS LOS PICUDOS, a place of public accommodation, thereby
13    discriminatorily denying each plaintiff and the class of other similarly situated persons with
14    physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and
15    benefit from, the goods, facilities, services, and accommodations thereof. Each plaintiff seeks
16    injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C.
17    §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety
18    Code §19955, *et seq.*

19       2.       Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a person
20    with physical disabilities who, on or about January 20, 2011, April 5, 2011 and April 12, 2011,
21    was an invitee, guest, patron, customer at defendants' TORTAS LOS PICUDOS, in the City of
22    San Francisco, California. At said times and place, defendants failed to provide proper legal
23    access to the Tortas shop, which is a "public accommodation" and/or a "public facility"
24    including, but not limited to the entrance, path of travel, service counter, dining area and unisex
25    restroom. The denial of access was in violation of both federal and California legal
26    requirements, and plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each suffered
27    violation of his/her civil rights to full and equal access, and was embarrassed and humiliated.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 **JURISDICTION AND VENUE:**

2     3.   **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C.

3 §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

4 Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

5 nucleus of operative facts and arising out of the same transactions, are also brought under parallel

6 California law, whose goals are closely tied with the ADA, including but not limited to violations

7 of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

8 *seq.*, including §19959; California Building Code.

9     4.   **Venue:** Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

10 founded on the facts that the real property which is the subject of this action is located at/near

11 2969 24TH Street, in the City and County of San Francisco, State of California, and that plaintiffs'

12 causes of action arose in this county.

13 **PARTIES:**

14     5.   Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a

15 "physically handicapped person", a "physically disabled person", and a "person with physical

16 disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person

17 with physical disabilities" are used interchangeably, as these words have similar or identical

18 common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety

19 Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51,

20 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically

21 disabled persons"). Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a

22 "person with physical disabilities", as defined by all applicable California and United States

23 laws. Plaintiff IRMA RAMIREZ suffers from Post-Polio syndrome. Plaintiff IRMA RAMIREZ

24 relies primarily on a wheelchair to travel about in public. Plaintiff DAREN HEATHERLY is

25 afflicted with Multiple Sclerosis and a left hip replacement. Plaintiff DAREN HEATHERLY

26 relies primarily on a wheelchair to travel about in public.

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

1   Consequently, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a

2   member of that portion of the public whose rights are protected by the provisions of Health &

3   Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically

4   Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and

5   51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42

6   U.S.C. §12101, *et seq.*

7       6.      Defendants TORTAS LOS PICUDOS, INC.; EMILIO MARTINEZ; OFELIA

8   MARTIN; FRANCISCO MARTIN; and EDUVIGES MARTIN (hereinafter alternatively

9   collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or

10  agents of the owners, lessors and/or lessees, of the public accommodation known as TORTAS

11  LOS PICUDOS, located at/near 2969 24TH Street, San Francisco, California, or of the building

12  and/or buildings which constitute said public accommodation.

13      7.      At all times relevant to this complaint, defendants TORTAS LOS PICUDOS,

14  INC.; EMILIO MARTINEZ; OFELIA MARTIN; FRANCISCO MARTIN; and EDUVIGES

15  MARTIN, own and operate in joint venture the subject TORTAS LOS PICUDOS as a public

16  accommodation. This business is open to the general public and conducts business therein. The

17  business is a "public accommodation" or "public facility" subject to the requirements of

18  California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the

19  ADA, 42 U.S.C. §12101, *et seq.*

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1    8.    At all times relevant to this complaint, defendants TORTAS LOS PICUDOS,

2  INC.; EMILIO MARTINEZ; OFELIA MARTIN; FRANCISCO MARTIN; and EDUVIGES

3  MARTIN are jointly and severally responsible to identify and remove architectural barriers at the

4  subject TORTAS LOS PICUDOS pursuant to Code of Federal Regulations title 28, section

5  36.201(b), which states in pertinent part:

6    **§ 36.201    General**

7    (b) *Landlord and tenant responsibilities.* Both the landlord
     who owns the building that houses a place of public
8    accommodation and the tenant who owns or operates the place of
     public accommodation are public accommodations subject to the
9    requirements of this part. As between the parties, allocation of
     responsibility for complying with the obligations of this part may
10    be determined by lease or other contract.

11    28 CFR §36.201(b)

12  **PRELIMINARY FACTUAL ALLEGATIONS:**

13    9.    The TORTAS LOS PICUDOS, is a restaurant, located at/near 2969 24TH Street,

14  San Francisco, California 94110. The TORTAS LOS PICUDOS, its entrance, path of travel,

15  service counter, dining area and unisex restroom, and its other facilities are each a "place of

16  public accommodation or facility" subject to the barrier removal requirements of the Americans

17  with Disabilities Act. On information and belief, each such facility has, since July 1, 1970,

18  undergone "alterations, structural repairs and additions," each of which has subjected the

19  TORTAS LOS PICUDOS and each of its facilities, its entrance, path of travel, service counter,

20  dining area and unisex restroom to disability access requirements per the Americans with

21  Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of

22  regulations (Title 24).

23    10.    At all times stated herein, defendants' and each of them with the knowledge that

24  each of them had a continuing obligation to identify and remove architectural barriers where it

25  was readily achievable to do so, failed to adopt a transition plan to provide better and/or

26  compliant access to the subject accommodation.

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the TORTAS LOS PICUDOS as being handicapped accessible and handicapped usable.

12.     On or about January 20, 2011, April 5, 2011 and April 12, 2011, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each was an invitee and guest at the subject TORTAS LOS PICUDOS, for purposes of having food and beverage. Plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ are husband and wife.

13.     On or about January 20, 2011, plaintiff DAREN HEATHERLY and plaintiff IRMA RAMIREZ upon entering TORTAS LOS PICUDOS struggled with the door due to excessive door pressure. Once inside, they found that there was no accessible seating and that the service counter was too high.

14.     At said time and place, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY needed to use an accessible restroom. Plaintiffs encountered a path of travel to the unisex restroom which was blocked with produce and other type boxes. Once the boxes were removed, plaintiff IRMA RAMIREZ and later plaintiff DAREN HEATHERLY attempted to use the restroom but encountered multiple barriers to its use (i.e., blocked clear space and missing grab bars).

15.     On or about February 3, 2011, plaintiff IRMA RAMIREZ wrote both the landlord and tenant a comprehensive letter about the access issues. She wrote:

> "Si desea que le escriba en Espanol nomas regrese esta carta. Se la escribe nuevo.
>          Tortas Los Picudos. What a great little place. My husband and I were here. We both use wheel chairs so it's a bit crowded. You don't have many tables. Two is what I remember. But you can't get a wheelchair under either. Could you get a usable table? Change on table? It would be so helpful. You know it is really hard to use the shelf counter from a wheelchair.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1
2
3
4
5

Daren and I wanted to use the restroom but there were some problems. There were boxes of produce stacked outside the restroom door, so we couldn't get in. Employees had to move the boxes. The restroom is big. But with mops, brooms, buckets, locker and cabinet sink it's not useable for a wheelchair user. Would you go look at it? Take things out? Make it usable for wheelchair users? It should be easy to do if you just go look at it.

6
7
8

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your heads and hands together, I know the two of you can fix this problem.

9
10
11
12
13
14
15
16
17

You need to learn what needs to be done and do it now. So to help you, please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access then you will know what to look at and what needs to be done. Much of the work can be done by a handyman. Also, look into the $10,000 tax credit for providing access. Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get this letter, tell me exactly what will be done and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!"

18
Plaintiff IRMA RAMIREZ never received a response.

19
20
21
22
23
24

16.     On or about April 5, 2011 and April 12, 2011, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY returned to TORTAS LOS PICUDOS. Each plaintiff encountered all of the same barriers as on the first visit. Except on these two (2) occasions, the boxes did not block the approach to the unisex restroom. The simplest of remedial measures had not been undertaken (i.e., reduce door pressure, provide one (1) accessible table, remove cabinet in the restroom and the like).

25
///

26
///

27
///

28
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

1    17.    Therefore, at said time(s) and place, plaintiff IRMA RAMIREZ and plaintiff

2  DAREN HEATHERLY, each a person with a disability, encountered the following inaccessible

3  elements of the subject TORTAS LOS PICUDOS, which constituted architectural barriers and a

4  denial of the proper and legally-required access to a public accommodation to persons with

5  physical disabilities including, but not limited to:

6
          a.    lack of an accessible entrance due to excessive door pressure;
7
          b.    lack of handicapped accessible service counter;
8
          c.    lack of an accessible dining area; 5% compliance requirement;
9
          d.    lack of a handicapped-accessible unisex public restroom;
10
          e.    lack of reduced door pressure throughout;
11
          f.    lack of clear paths of travel; and
12
          g.    On personal knowledge, information and belief, other public facilities and
13                elements too numerous to list were improperly inaccessible for use by
                  persons with physical disabilities.
14

15    18.    At all times stated herein, the existence of architectural barriers at defendants'

16  place of public accommodation evidenced "actual notice" of defendants' intent not to comply

17  with the Americans with Disabilities Act of 1990 either then, now or in the future.

18    19.    On or about February 3, 2011, defendant(s) were sent two (2) letters by or on

19  behalf of plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY advising of their need

20  to take immediate action to remove architectural barriers and requesting a written response upon

21  receipt of his/her letter, promising to immediately remove the barriers and providing a date when

22  that would be accomplished. Said letters are attached hereto collectively as exhibit "A" and

23  incorporated by reference as though fully set forth herein. Defendants' failure to respond

24  evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1       20.    As a legal result of defendants TORTAS LOS PICUDOS, INC.; EMILIO

2 MARTINEZ; OFELIA MARTIN; FRANCISCO MARTIN; and EDUVIGES MARTIN's failure

3 to act as a reasonable and prudent public accommodation in identifying, removing or creating

4 architectural barriers, policies, practices and procedures that denied access to each plaintiff and

5 other persons with disabilities, each plaintiff suffered the damages as alleged herein.

6       21.    As a result of the denial of equal access to defendants' facilities due to the acts and

7 omissions of defendants, and each of them, in owning, operating and maintaining these subject

8 public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including

9 but not limited to rights under Civil Code §§54, 54.1 and 54.3.

10      22.    As a result of the denial of equal access to defendants' facilities due to the acts and

11 omissions of defendants, and each of them, in owning, operating and maintaining these subject

12 public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's civil rights,

13 including but not limited to rights under Civil Code §§54, 54.1 and 54.3.

14      23.    Further, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY suffered

15 emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not

16 limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and

17 naturally associated with a person with physical disabilities being denied access, all to his/her

18 damages as prayed hereinafter in an amount within the jurisdiction of this court.

19 No claim is being made for mental and emotional distress over and above that usually associated

20 with the discrimination and physical injuries claimed, and no expert testimony regarding this

21 usual mental and emotional distress will be presented at trial in support of the claim for damages.

22      24.    Defendants', and each of their, failure to remove the architectural barriers

23 complained of herein created, at the time of plaintiff IRMA RAMIREZ and plaintiff DAREN

24 HEATHERLY's first visit to said public accommodation, and continues to create continuous and

25 repeated exposure to substantially the same general harmful conditions which caused plaintiff

26 IRMA RAMIREZ and plaintiff DAREN HEATHERLY harm as stated herein.

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1      25.    Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each was denied
2 his/her rights to equal access to a public facility by defendants TORTAS LOS PICUDOS, INC.;
3 EMILIO MARTINEZ; OFELIA MARTIN; FRANCISCO MARTIN; and EDUVIGES MARTIN,
4 because defendants TORTAS LOS PICUDOS, INC.; EMILIO MARTINEZ; OFELIA MARTIN;
5 FRANCISCO MARTIN; and EDUVIGES MARTIN maintained a restaurant without access for
6 persons with physical disabilities to its facilities, including but not limited to the entrance, path of
7 travel, service counter, dining area and unisex restroom, and other public areas as stated herein,
8 and continue to the date of filing this complaint to deny equal access to each plaintiff and other
9 persons with physical disabilities in these and other ways.

10      26.    On information and belief, construction alterations carried out by defendants have
11 also triggered access requirements under both California law and the Americans with Disabilities
12 Act of 1990.

13      27.    Each plaintiff, as described hereinbelow, seeks injunctive relief to require the
14 TORTAS LOS PICUDOS to be made accessible to meet the requirements of both California law
15 and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as
16 defendants operate the subject restaurant as a public facility.

17      28.    Each plaintiff seeks damages for violation of his/her civil rights for each of their
18 respective visits on January 20, 2011, April 5, 2011 and April 12, 2011e and seeks statutory
19 damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to
20 Civil Code §54.3, for each day after his/her visit that the trier of fact (court/jury) determines was
21 the date that some or all remedial work should have been completed under the standard that the
22 landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was
23 readily achievable to do so, which deterred plaintiff IRMA RAMIREZ and plaintiff DAREN
24 HEATHERLY from returning to the subject public accommodation because of his/her knowledge
25 and/or belief that neither some or all architectural barriers had been removed and that said
26 premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

27

28

1    29.    On information and belief, defendants have been negligent in their affirmative duty
2    to identify the architectural barriers complained of herein and negligent in the removal of some or
3    all of said barriers.

4    30.    Because of defendants' violations, each plaintiff and other persons with physical
5    disabilities are unable to use public facilities such as those owned and operated by defendants on a
6    "full and equal" basis unless such facility is in compliance with the provisions of the Americans
7    with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
8    other accessibility law as plead herein. Each plaintiff seeks an order from this court compelling
9    defendants to make the TORTAS LOS PICUDOS accessible to persons with disabilities.

10    31.    On information and belief, defendants have intentionally undertaken to modify and
11    alter existing building(s), and have failed to make them comply with accessibility requirements
12    under the requirements of ADAAG and California Building Code. The acts and omission of
13    defendants, and each of them, in failing to provide the required accessible public facilities at the
14    time of each plaintiff's visit and injuries, indicate actual and implied malice toward each plaintiff,
15    and despicable conduct carried out by defendants, and each of them, with a willful and conscious
16    disregard for the rights and safety of each plaintiff and other similarly situated persons, and justify
17    a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more
18    profound example of defendants, and each of them, to other operators and landlords of other
19    restaurants and other public facilities, and to punish defendants and to carry out the purposes of
20    the Civil Code §§ 51, 51.5 and 54.

21    32.    Each plaintiff is informed and believes and therefore alleges that defendants
22    TORTAS LOS PICUDOS, INC.; EMILIO MARTINEZ; OFELIA MARTIN; FRANCISCO
23    MARTIN; and EDUVIGES MARTIN, and each of them, caused the subject building(s) which
24    constitute the TORTAS LOS PICUDOS to be constructed, altered and maintained in such a
25    manner that persons with physical disabilities were denied full and equal access to, within and
26    throughout said building(s) of the restaurant and were denied full and equal use of said public
27    facilities.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

11

1 Furthermore, on information and belief, defendants have continued to maintain and operate said
2 restaurant and/or its building(s) in such conditions up to the present time, despite actual and
3 constructive notice to such defendants that the configuration of TORTAS LOS PICUDOS and/or
4 its building(s) is in violation of the civil rights of persons with physical disabilities, such as
5 plaintiff IRMA RAMIREZ, plaintiff DAREN HEATHERLY and other members of the disability
6 community. Such construction, modification, ownership, operation, maintenance and practices of
7 such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code
8 §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

9       33.    On personal knowledge, information and belief, the basis of defendants' actual and
10 constructive notice that the physical configuration of the facilities including, but not limited to,
11 architectural barriers constituting the TORTAS LOS PICUDOS and/or building(s) was in
12 violation of the civil rights of persons with physical disabilities, such as each plaintiff, includes,
13 but is not limited to, communications with invitees and guests, plaintiff IRMA RAMIREZ herself,
14 sponsors of conferences owners of other restaurants, hotels, motels and businesses, notices they
15 obtained from governmental agencies upon modification, improvement, or substantial repair of
16 the subject premises and other properties owned by these defendants, newspaper articles and trade
17 publications regarding the Americans with Disabilities Act of 1990 and other access laws, public
18 service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and
19 other similar information. Defendants' failure, under state and federal law, to make the TORTAS
20 LOS PICUDOS accessible is further evidence of defendants' conscious disregard for the rights of
21 plaintiffs and other similarly situated persons with disabilities. Despite being informed of such
22 effect on each plaintiff and other persons with physical disabilities due to the lack of accessible
23 facilities, defendants, and each of them, knowingly and willfully refused to take any steps to
24 rectify the situation and to provide full and equal access for each plaintiff and other persons with
25 physical disabilities to the subject restaurant. Said defendants, and each of them, have continued
26 such practices, in conscious disregard for the rights of each plaintiff and other persons with
27 physical disabilities, up to the date of filing of this complaint, and continuing thereon.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12

1  Defendants had further actual knowledge of the architectural barriers referred to herein by virtue

2  of the demand letter addressed to the defendants and served concurrently with the summons and

3  complaint. Said conduct, with knowledge of the effect it was and is having on plaintiffs and other

4  persons with physical disabilities, constitutes despicable conduct in conscious disregard of the

5  rights and safety of each plaintiff and of other similarly situated persons, justifying the imposition

6  of treble damages per Civil Code §§52 and 54.3.

7      34.    Plaintiff IRMA RAMIREZ, plaintiff DAREN HEATHERLY and the disability

8  community, consisting of persons with disabilities, would, could and will return to the subject

9  public accommodation when it is made accessible to persons with disabilities.

10 **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
       ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
11 **   DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
       (On behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and
12     Against Defendants TORTAS LOS PICUDOS, INC., a California Corporation dba
       TORTAS LOS PICUDOS; EMILIO MARTINEZ and OFELIA MARTIN, Husband and
13     Wife as Joint Tenants as to an Undivided ½ Interest and FRANCISCO MARTIN and
14     EDUVIGES MARTIN, Husband and Wife as Joint Tenants as to an Undivided ½ Interest,
       All as Tenants in common , inclusive)
15     (42 U.S.C. §12101, *et seq.*)

16     35.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

17 allegations contained in paragraphs 1 through 34 of this complaint.

18     36.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

19 §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

20 protect:

21         some 43 million Americans with one or more physical or mental
22         disabilities; [that] historically society has tended to isolate and
           segregate individuals with disabilities; [that] such forms of
23         discrimination against individuals with disabilities continue to be a
           serious and pervasive social problem; [that] the nation's proper
24         goals regarding individuals with disabilities are to assure equality of
           opportunity, full participation, independent living and economic
25         self-sufficiency for such individuals; [and that] the continuing
           existence of unfair and unnecessary discrimination and prejudice
26         denies people with disabilities the opportunity to compete on an
           equal basis and to pursue those opportunities for which our free
27         society is justifiably famous.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13

1    37.    Congress stated as its purpose in passing the Americans with Disabilities Act of

2  1990 (42 U.S.C. §12102):

3              It is the purpose of this act (1) to provide a clear and comprehensive
               national mandate for the elimination of discrimination against
4              individuals with disabilities; (2) to provide clear, strong, consistent,
               enforceable standards addressing discrimination against individuals
5              with disabilities; (3) to ensure that the Federal government plays a
               central role in enforcing the standards established in this act on
6              behalf of individuals with disabilities; and (4) to invoke the sweep
               of Congressional authority, including the power to enforce the 14th
7              Amendment and to regulate commerce, in order to address the
               major areas of discrimination faced day to day by people with
8              disabilities.

9    38.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

10  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

11  Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

12  accommodations identified for purposes of this title was:

13              (7)    PUBLIC ACCOMMODATION - The following private
               entities are considered public accommodations for purposes of this
14              title, if the operations of such entities affect commerce -

15                                  ---

16                    (B) a restaurant, bar or other establishment serving food or
               drink.
17
               42 U.S.C. §12181(7)(B)
18
     39.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against
19
    on the basis of disability in the full and equal enjoyment of the goods, services, facilities,
20
    privileges, advantages, or accommodations of any place of public accommodation by any person
21
    who owns, leases, or leases to, or operates a place of public accommodation."
22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1    40.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

2  42 U.S.C. §12182(b)(2)(a) are:

3              (I)    the imposition or application of eligibility criteria
                 that screen out or tend to screen out an individual with a disability
4                or any class of individuals with disabilities from fully and equally
                 enjoying any goods, services, facilities, privileges, advantages, or
5                accommodations, unless such criteria can be shown to be necessary
                 for the provision of the goods, services, facilities, privileges,
6                advantages, or accommodations being offered;

7              (ii)    a failure to make reasonable modifications in
                 policies, practices, or procedures, when such modifications are
8                necessary to afford such goods, services, facilities, privileges,
                 advantages or accommodations to individuals with disabilities,
9                unless the entity can demonstrate that making such modifications
                 would fundamentally alter the nature of such goods, services,
10               facilities, privileges, advantages, or accommodations;

11             (iii)    a failure to take such steps as may be necessary to
                 ensure that no individual with a disability is excluded, denied
12               services, segregated or otherwise treated differently than other
                 individuals because of the absence of auxiliary aids and services,
13               unless the entity can demonstrate that taking such steps would
                 fundamentally alter the nature of the good, service, facility,
14               privilege, advantage, or accommodation being offered or would
                 result in an undue burden;

15
               (iv)    a failure to remove architectural barriers, and
16               communication barriers that are structural in nature, in existing
                 facilities . . . where such removal is readily achievable; and
17
               (v)    where an entity can demonstrate that the removal of
18               a barrier under clause (iv) is not readily achievable, a failure to
                 make such goods, services, facilities, privileges, advantages or
19               accommodations available through alternative methods if such
                 methods are readily achievable.

20
The acts of defendants set forth herein were a violation of each plaintiff's rights under the ADA,
21
Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* -
22
Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil
23
Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and
24
54.3.
25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

1       41.    The removal of the barriers complained of by plaintiffs as hereinabove alleged
2 were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of
3 TORTAS LOS PICUDOS pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and
4 belief, if the removal of all the barriers complained of herein together was not "readily
5 achievable," the removal of each individual barrier complained of herein was "readily
6 achievable." On information and belief, defendants' failure to remove said barriers was likewise
7 due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182
8 (b)(2)(A)(i)and (ii).

9       42.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily
10 accomplishable and able to be carried out without much difficulty or expense." The statute
11 defines relative "expense" in part in relation to the total financial resources of the entities
12 involved. Each plaintiff alleges that properly repairing, modifying, or altering each of the items
13 that plaintiffs complains of herein were and are "readily achievable" by the defendants under the
14 standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was
15 not "readily achievable" for defendants to remove each of such barriers, defendants have failed to
16 make the required services available through alternative methods which were readily achievable.

17       43.    On information and belief, construction work on, and modifications of, the subject
18 building(s) of TORTAS LOS PICUDOS occurred after the compliance date for the Americans
19 with Disabilities Act, January 26, 1992, independently triggering access requirements under Title
20 III of the ADA.

21       44.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*
22 *seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
23 Act of 1964, 42 U.S.C. 2000(a)-3(a), as each plaintiff is being subjected to discrimination on the
24 basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is
25 about to be subjected to discrimination in violation of §302. Each plaintiff is deterred from
26 returning to or making use of the public facilities complained of herein so long as the premises
27 and defendants' policies bar full and equal use by persons with physical disabilities.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1      45.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

2 disability to engage in a futile gesture if such person has actual notice that a person or

3 organization covered by this title does not intend to comply with its provisions." Pursuant to this

4 section, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each has not returned to

5 defendants' premises since on or about April 12, 2011, but on information and belief, alleges that

6 defendants have continued to violate the law and deny the rights of each plaintiff and of other

7 persons with physical disabilities to access this public accommodation. Pursuant to 42 USC

8 §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an

9 order to alter facilities to make such facilities readily accessible to and usable by individuals with

10 disabilities to the extent required by this title."

11      46.    Each plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil

12 Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to

13 implement the Americans with Disabilities Act of 1990, including but not limited to an order

14 granting injunctive relief and attorneys' fees. Each plaintiff will seek attorneys' fees conditioned

15 upon being deemed to be the prevailing party.

16 **II.**    **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**

17    (On Behalf of Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY, and

18    Against Defendants TORTAS LOS PICUDOS, INC., a California Corporation dba
TORTAS LOS PICUDOS; EMILIO MARTINEZ and OFELIA MARTIN, Husband and

19    Wife as Joint Tenants as to an Undivided ½ Interest and FRANCISCO MARTIN and
EDUVIGES MARTIN, Husband and Wife as Joint Tenants as to an Undivided ½ Interest,

20    All as Tenants in common , inclusive)

21    (California Civil Code §§54, 54.1, 54.3, *et seq.)*

22      47.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

23 allegations contained in paragraphs 1 through 46 of this complaint.

24

25

26

27

28

48. At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

49. California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

50. California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

51. Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Each plaintiff has been and continue to be denied full and equal access to defendants' TORTAS

2  LOS PICUDOS. As a legal result, each plaintiff is entitled to seek damages pursuant to a court or

3  jury determination, in accordance with California Civil Code §54.3(a) for each day on which

4  he/she visited or have been deterred from visiting the restaurant because of his/her knowledge and

5  belief that the restaurant is inaccessible to persons with disabilities. California Civil Code

6  §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes
> with admittance to or enjoyment of the public facilities as specified
> in Sections 54 and 54.1 or otherwise interferes with the rights of an
> individual with a disability under Sections 54, 54.1 and 54.2 is
> liable for each offense for the actual damages and any amount as
> may be determined by a jury, or the court sitting without a jury, up
> to a maximum of three times the amount of actual damages but in
> no case less than . . .one thousand dollars ($1,000) and . . .
> attorney's fees as may be determined by the court in addition
> thereto, suffered by any person denied any of the rights provided in
> Sections 54, 54.1 and 54.2.

13  Civil Code §54.3(a)

14  52.  On or about January 20, 2011, April 5, 2011 and April 12, 2011, plaintiff IRMA

15  RAMIREZ and plaintiff DAREN HEATHERLY on each of their respective visits as stated herein

16  suffered violations of Civil Code §§54 and 54.1 in that plaintiff IRMA RAMIREZ and plaintiff

17  DAREN HEATHERLY each was denied access to the entrance, path of travel, service counter,

18  dining area and unisex restroom and other public facilities as stated herein at the TORTAS LOS

19  PICUDOS and on the basis that plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY

20  each was a person with physical disabilities.

21  53.  As a result of the denial of equal access to defendants' facilities due to the acts and

22  omissions of defendants, and each of them, in owning, operating and maintaining these subject

23  public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights, including

24  but not limited to rights under Civil Code §§54, 54.1 and 54.3.

25  54.  As a result of the denial of equal access to defendants' facilities due to the acts and

26  omissions of defendants, and each of them, in owning, operating and maintaining these subject

27  public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's civil rights,

28  including but not limited to rights under Civil Code §§54, 54.1 and 54.3.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

1    55.    Further, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each
2 suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation,
3 embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and
4 naturally associated with a denial of access to a person with physical disabilities, all to each
5 plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted
6 discrimination against each plaintiff on the sole basis that each plaintiff is a person or an entity
7 that represents persons with physical disabilities and unable, because of the architectural barriers
8 created and maintained by the defendants in violation of the subject laws, to use the public
9 facilities hereinabove described on a full and equal basis as other persons.

10    56.    Each plaintiff has been damaged by defendants', and each of their, wrongful
11 conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of
12 each plaintiff's rights as a person or an entity that represents persons with physical disabilities on
13 or about January 20, 2011, April 5, 2011 and April 12, 2011, and on a continuing basis since then,
14 including statutory damages, a trebling of all of actual damages, general and special damages
15 available pursuant to §54.3 of the Civil Code according to proof.

16    57.    As a result of defendants', and each of their, acts and omissions in this regard,
17 each plaintiff has been required to incur legal expenses and hire attorneys in order to enforce each
18 plaintiff's rights and enforce the provisions of the law protecting access for persons with physical
19 disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
20 the provisions of Civil Code §54.3, each plaintiff therefore will seek recovery in this lawsuit for
21 all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,
22 plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also
23 to compel the defendants to make their facilities accessible to all members of the public with
24 disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to
25 the provisions of §1021.5 of the Code of Civil Procedure.

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20

**III. THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and Against Defendants TORTAS LOS PICUDOS, INC., a California Corporation dba TORTAS LOS PICUDOS; EMILIO MARTINEZ and OFELIA MARTIN, Husband and Wife as Joint Tenants as to an Undivided ½ Interest and FRANCISCO MARTIN and EDUVIGES MARTIN, Husband and Wife as Joint Tenants as to an Undivided ½ Interest, All as Tenants in common , inclusive)
(Health & Safety Code §19955, *et seq.*)

58. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 57 of this complaint.

59. Health & Safety Code §19955 provides in pertinent part:

The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

60. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date. On information and belief, portions of the TORTAS LOS PICUDOS and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the TORTAS LOS PICUDOS and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

21

61. Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of TORTAS LOS PICUDOS and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

62. Restaurants such as the TORTAS LOS PICUDOS are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

63. As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, each plaintiff was denied plaintiff's rights to full and equal access to public facilities and suffered a loss of each plaintiff's civil rights and each plaintiff's rights as a person with physical disabilities to full and equal access to public facilities.

64. Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, each plaintiff has been required to incur legal expenses and hire attorneys in order to enforce each plaintiff's civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in each plaintiff's own interests and in order to enforce an important right affecting the public interest. Each plaintiff, therefore, seeks in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.

1  Each plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953 and

2  Civil Code §§54.3 and/or in the alternative, each plaintiff will seek attorneys' fees, costs and

3  litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

4  Each plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

5       65.     Each plaintiff seeks injunctive relief for an order compelling defendants, and each

6  of them, to make the subject place of public accommodation readily accessible to and usable by

7  persons with disabilities.

8  **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
        EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
9       **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
        SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
10     (On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and
       Against Defendants TORTAS LOS PICUDOS, INC., a California Corporation dba
11     TORTAS LOS PICUDOS; EMILIO MARTINEZ and OFELIA MARTIN, Husband and
       Wife as Joint Tenants as to an Undivided ½ Interest and FRANCISCO MARTIN and
12     EDUVIGES MARTIN, Husband and Wife as Joint Tenants as to an Undivided ½ Interest,
13     All as Tenants in common, inclusive)
14     (Civil Code §51, 51.5)

15      66.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

16  allegations contained in paragraphs 1 through 65 of this complaint.

17      67.     Defendants' actions and omissions and failure to act as a reasonable and prudent

18  public accommodation in identifying, removing and/or creating architectural barriers, policies,

19  practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

20  Unruh Act provides:

21              This section shall be known, and may be cited, as the Unruh
                Civil Rights Act.
22
                All persons within the jurisdiction of this state are free and
23              equal, and no matter what their sex, race, color, religion, ancestry,
                national origin, or **disability** are entitled to the full and equal
24              accommodations, advantages, facilities, privileges, or services in all
                business establishments of every kind whatsoever.
25
                This section shall not be construed to confer any right or
26              privilege on a person that is conditioned or limited by law or that is
                applicable alike to persons of every sex, color, race, religion,
27              ancestry, national origin, or **disability.**

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23

1        Nothing in this section shall be construed to require any
         construction, alteration, repair, structural or otherwise, or
2        modification of any sort whatsoever, beyond that construction,
         alteration, repair, or modification that is otherwise required by other
3        provisions of law, to any new or existing establishment, facility,
         building, improvement, or any other structure . . . nor shall anything
4        in this section be construed to augment, restrict, or alter in any way
         the authority of the State Architect to require construction,
5        alteration, repair, or modifications that the State Architect otherwise
         possesses pursuant to other . . . laws.

6
         A violation of the right of any individual under the
7        Americans with Disabilities Act of 1990 (Public Law 101-336) shall
         also constitute a violation of this section.

8
   As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the
9
   "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the
10
   failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or
11
   failing to act to identify and remove barriers can be construed as a "negligent per se" act of
12
   defendants, and each of them.
13
        68.    The acts and omissions of defendants stated herein are discriminatory in nature and
14
   in violation of Civil Code §51.5:
15
         No business establishment of any kind whatsoever shall
16       discriminate against, boycott or blacklist, refuse to buy from, sell to,
         or trade with any person in this state because of the race, creed,
17       religion, color, national origin, sex, or **disability** of the person or of
         the person's partners, members, stockholders, directors, officers,
18       managers, superintendents, agents, employees, business associates,
         suppliers, or customers.

19
         As used in this section, "person" includes any person, firm
20       association, organization, partnership, business trust, corporation,
         limited liability company, or company.

21
         Nothing in this section shall be construed to require any
22       construction, alteration, repair, structural or otherwise, or
         modification of any sort whatsoever, beyond that construction,
23       alteration, repair or modification that is otherwise required by other
         provisions of law, to any new or existing establishment, facility,
24       building, improvement, or any other structure . . . nor shall anything
         in this section be construed to augment, restrict or alter in any way
25       the authority of the State Architect to require construction,
         alteration, repair, or modifications that the State Architect otherwise
26       possesses pursuant to other laws.

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

1    69.    Defendants' acts and omissions as specified have denied each plaintiff full and
2 equal accommodations, advantages, facilities, privileges and services in a business establishment,
3 on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil
4 Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A
5 violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public
6 Law 101-336) shall also constitute a violation of this section." Each plaintiff accordingly
7 incorporates the entirety of his/her above cause of action for violation of the Americans with
8 Disabilities Act at §35, *et seq*., as if repled herein.

9    70.    As a result of the denial of equal access to defendants' facilities due to the acts and
10 omissions of defendants, and each of them, in owning, operating and maintaining these subject
11 public facilities, plaintiff IRMA RAMIREZ suffered violations of plaintiff's civil rights,
12 including but not limited to rights under Civil Code §§54, 54.1 and 54.3.

13    71.    As a result of the denial of equal access to defendants' facilities due to the acts and
14 omissions of defendants, and each of them, in owning, operating and maintaining these subject
15 public facilities, plaintiff DAREN HEATHERLY suffered violations of plaintiff's civil rights,
16 including but not limited to rights under Civil Code §§54, 54.1 and 54.3.

17    72.    Further, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each
18 suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation,
19 embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and
20 naturally associated with a denial of access to a person with physical disabilities, all to each
21 plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted
22 discrimination against each plaintiff on the sole basis that each plaintiff is a person or an entity
23 that represents persons with physical disabilities and unable, because of the architectural barriers
24 created and maintained by the defendants in violation of the subject laws, to use the public
25 facilities hereinabove described on a full and equal basis as other persons.

26

27

28

1    73.    Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY are entitled

2  to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages

3  (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to

4  reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be

5  the prevailing party.

6  **PRAYER:**

7    Plaintiffs pray that this court award damages and provide relief as follows:

8  **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A**
     **PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
9    **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
     (On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, each an
10   individual and Against Defendants TORTAS LOS PICUDOS, INC., a California
     Corporation dba TORTAS LOS PICUDOS; EMILIO MARTINEZ and OFELIA
11   MARTIN, Husband and Wife as Joint Tenants as to an Undivided ½ Interest and
12   FRANCISCO MARTIN and EDUVIGES MARTIN, Husband and Wife as Joint Tenants
     as to an Undivided ½ Interest, All as Tenants in common, inclusive)
13   (42 U.S.C. §12101, *et seq.*)

14   1.    For injunctive relief, compelling defendants TORTAS LOS PICUDOS, INC., a

15  California Corporation dba TORTAS LOS PICUDOS; EMILIO MARTINEZ and OFELIA

16  MARTIN, Husband and Wife as Joint Tenants as to an Undivided ½ Interest and FRANCISCO

17  MARTIN and EDUVIGES MARTIN, Husband and Wife as Joint Tenants as to an Undivided ½

18  Interest, All as Tenants in common, inclusive, to make the TORTAS LOS PICUDOS, located at

19  2969 24TH Street, San Francisco, California, readily accessible to and usable by individuals with

20  disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies,

21  practice, eligibility criteria and procedures so as to afford full access to the goods, services,

22  facilities, privileges, advantages and accommodations being offered.

23   2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

24  the prevailing party; and

25   3.    For such other and further relief as the court may deem proper.

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26

**II. PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEO.***

(On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and Against Defendants TORTAS LOS PICUDOS, INC., a California Corporation dba TORTAS LOS PICUDOS; EMILIO MARTINEZ and OFELIA MARTIN, Husband and Wife as Joint Tenants as to an Undivided ½ Interest and FRANCISCO MARTIN and EDUVIGES MARTIN, Husband and Wife as Joint Tenants as to an Undivided ½ Interest, All as Tenants in common , inclusive)

(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1. For injunctive relief, compelling defendants TORTAS LOS PICUDOS, INC., a California Corporation dba TORTAS LOS PICUDOS; EMILIO MARTINEZ and OFELIA MARTIN, Husband and Wife as Joint Tenants as to an Undivided ½ Interest and FRANCISCO MARTIN and EDUVIGES MARTIN, Husband and Wife as Joint Tenants as to an Undivided ½ Interest, All as Tenants in common, inclusive, to make the TORTAS LOS PICUDOS, located at 2969 24TH Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2. Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3. Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4. Treble damages pursuant to Civil Code §54.3;

5. General damages according to proof;

6. For all costs of suit;

7. Prejudgment interest pursuant to Civil Code §3291; and

8. Such other and further relief as the court may deem just and proper.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

1  **III.  PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE**
2  **SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**
   **§19955, *ET. SEO.***
   (On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and
3  Against Defendants TORTAS LOS PICUDOS, INC., a California Corporation dba
4  TORTAS LOS PICUDOS; EMILIO MARTINEZ and OFELIA MARTIN, Husband and
   Wife as Joint Tenants as to an Undivided ½ Interest and FRANCISCO MARTIN and
5  EDUVIGES MARTIN, Husband and Wife as Joint Tenants as to an Undivided ½ Interest,
6  All as Tenants in common, inclusive)
   (Health & Safety code §19955, *et seq.*)

7      1.     For injunctive relief, compelling defendants TORTAS LOS PICUDOS, INC., a

8  California Corporation dba TORTAS LOS PICUDOS; EMILIO MARTINEZ and OFELIA

9  MARTIN, Husband and Wife as Joint Tenants as to an Undivided ½ Interest and FRANCISCO

10 MARTIN and EDUVIGES MARTIN, Husband and Wife as Joint Tenants as to an Undivided ½

11 Interest, All as Tenants in common, inclusive, to make the TORTAS LOS PICUDOS, located at

12 2969 24TH Street, San Francisco, California, readily accessible to and usable by individuals with

13 disabilities, per state law.

14     2.     For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

15 alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

16     3.     For all costs of suit;

17     4.     For prejudgment interest pursuant to Civil Code §3291;

18     5.     Such other and further relief as the court may deem just and proper.

19 **IV.  PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO**
20 **FULL AND EOUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
   **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL**
21 **CODE §51, *ET SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
   (On Behalf of Plaintiff IRMA RAMIREZ and Plaintiff DAREN HEATHERLY, and
22 Against Defendants TORTAS LOS PICUDOS, INC., a California Corporation dba
   TORTAS LOS PICUDOS; EMILIO MARTINEZ and OFELIA MARTIN, Husband and
23 Wife as Joint Tenants as to an Undivided ½ Interest and FRANCISCO MARTIN and
24 EDUVIGES MARTIN, Husband and Wife as Joint Tenants as to an Undivided ½ Interest,
   All as Tenants in common, inclusive)
25 (California Civil Code §§51, 51.5, *et seq.*)

26     1.     All statutory damages as afforded by Civil Code §52(a) for the date of incident and

27 for each occasion on which plaintiffs were deterred from returning to the subject public

28 accommodation;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the

2  prevailing party;

3      3.    General damages according to proof;

4      4.    Treble damages pursuant to Civil Code §52(a);

5      5.    For all costs of suit;

6      6.    Prejudgment interest pursuant to Civil Code §3291; and

7      7.    Such other and further relief as the court may deem just and proper.

8

9  Dated: _____, 2011    THOMAS E. FRANKOVICH,
10      *A PROFESSIONAL LAW CORPORATION*

11      By:

12      THOMAS E. FRANKOVICH
13      Attorneys for Plaintiff IRMA RAMIREZ and Plaintiff
    DAREN HEATHERLY

14

15  ### DEMAND FOR JURY TRIAL

16  Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

17

18  Dated: _____, 2011    THOMAS E. FRANKOVICH,
19      *A PROFESSIONAL LAW CORPORATION*

20

21      By:

22      THOMAS E. FRANKOVICH
    Attorneys for Plaintiff IRMA RAMIREZ and Plaintiff
    DAREN HEATHERLY

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

29

Recycled   Stock # R DOA-10-B

Irma Ramirez
734 Morton Way
Santa Rosa, CA 95404

February 3, 2011

Tortas Los Picudos
Attn: Manager
2969 24th Street
San Francisco, Ca 94110

Dear Manager of Tortas Los Picudos:

Si desea que le escriba en Espanol nomas regrese esta carta. Se la escribe nuevo.

Tortas Los Picudos. What a great little place. My husband and I were here. We both use wheel chairs so it's a bit crowded. You don't have many tables. Two is what I remember. But you can't get a wheelchair under either. Could you get a usable table? Change on table? It would be so helpful. You know it is really hard to use the shelf counter from a wheelchair.

Daren and I wanted to use the restroom but there were some problems. There were boxes of produce stacked outside the restroom door, so we couldn't get in. Employees had to move the boxes. The restroom is big. But with mops, brooms, buckets, locker and cabinet sink it's not useable for a wheelchair user. Would you go look at it? Take things out? Make it usable for wheelchair users? It should be easy to do if you just go look at it.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your heads and hands together, I know the two of you can fix this problem.

You need to learn what needs to be done and do it now. So to help you, please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access then you will know what to look at and what needs to be done. Much of the work can be done by a handyman. Also, look into the $10,000 tax credit for providing access. Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get this letter, tell me exactly what will be done and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do.
Thanks!

Sincerely

*Irma Ramirez*

Irma Ramirez

Irma Ramirez
734 Morton Way
Santa Rosa, CA  95404

February 3, 2011

Tortas Los Picudos
Attn: Owner of Building
2969 24th Street
San Francisco, Ca 94110

Dear Owner of Building for Tortas Los Picudos:

Si desea que le escriba en Espanol nomas regrese esta carta. Se la escribe nuevo.

Tortas Los Picudos. What a great little place. My husband and I were here. We both use
wheel chairs so it's a bit crowded. You don't have many tables. Two is what I remember. But
you can't get a wheelchair under either. Could you get a usable table? Change on table? It
would be so helpful. You know it is really hard to use the shelf counter from a wheelchair.

Daren and I wanted to use the restroom but there were some problems. There were boxes
of produce stacked outside the restroom door, so we couldn't get in. Employees had to move the
boxes. The restroom is big. But with mops, brooms, buckets, locker and cabinet sink it's not
useable for a wheelchair user. Would you go look at it? Take things out? Make it usable for
wheelchair users? It should be easy to do if you just go look at it.

I thought the landlord and the tenant should know about this. That's why I wrote this
identical letter to both of you. It's like letting the right hand know what the left hand is doing! If
you both put your heads and hands together, I know the two of you can fix this problem.

You need to learn what needs to be done and do it now. So to help you, please call
Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the
information they have on access then you will know what to look at and what needs to be done.
Much of the work can be done by a handyman. Also, look into the $10,000 tax credit for
providing access. Remember, wheelchair users have an old saying: "Access delayed is Access
denied!" You understand, right? Anyway, please write me when you get this letter, tell me
exactly what will be done and make me a promise that you will take care of this right away. Give
me a date. If you are not the one in charge or don't have the responsibility to do it, would you
make sure this letter goes to the person in charge or who can make decisions on what to do.
Thanks!

Sincerely

Irma Ramirez

Irma Ramirez